UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES PHILIP DOUGLAS,

    Petitioner,

v.

JUDGES BRYAN CHUSCOFF AND LISA WORSWICK AND PIERCE COUNTY EXECUTIVE PAT McCARTHY,

    Respondents.

CASE NO. C09-5490BHS/JRC

REPORT AND RECOMMENDATION

Noted for October 9, 2009

The underlying Petition for a Writ of Mandamus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4. Petitioner has been granted *in forma pauperis* status. Petitioner is seeking his release from custody pending retrial on criminal charges in Pierce County. Petitioner has filed a habeas corpus petition addressing the same

REPORT AND
RECOMMENDATION - 1

issues and requesting relief in habeas. That petition is before Judge Bryan and has been referred to Judge Strombom. See Douglas v. Masko, 09-cv-5439RJB/KLS.

The mandamus act does not give the court the authority to direct state officials, only federal actors. Therefore, the court lacks authority to consider this writ and the petition should be DISMISSED PRIOR TO SERVICE.

## FACTS

Petitioner alleges that in October of 2004, he was jailed on two separate Pierce County criminal cause numbers (Dkt # 1 proposed petition page 2). He states that the cause numbers were combined for trial and plaintiff was found guilty of all charges. Petitioner alleges that in September of 2008, one of the convictions was overturned by the Washington Court of Appeals. He alleges that the action was returned to Superior Court for retrial. Petitioner alleges that in December of 2008, Pierce County Superior Court Judge Culpepper set aside the Judgment and Sentence on the remaining charges (Dkt. # 1, proposed petition page 3).

Petitioner alleges that on the day his retrial was supposed to begin he was attacked in the Pierce County Jail (Dkt. # 1, proposed petition page 5 and exhibit "J"). Petitioner would not identify the person who allegedly attacked him.

Petitioner requests that a neutral arbitrator be appointed and that he be released from incarceration pending appeal. He also requests that the court order the expenditure of state funds "so the plaintiff can receive his right to appeal as guaranteed by the Constitution." (Dkt # 1, proposed petition page 6).

## DISCUSSION

A District Court has no jurisdiction to issue a mandamus to compel action by a state official. See 28 U.S.C. § 1361 (district court has jurisdiction over mandamus action only to

REPORT AND
RECOMMENDATION - 2

compel officers of the United States to perform their duties).  28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain"; (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt";  and (3) no other adequate remedy is available.  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) (citations omitted).

This court lacks jurisdiction to entertain this petition.  Further, petition is proceeding in habeas corpus under another cause number.  This petition should be **DISMISSED**.

## **CONCLUSION**

Based on the foregoing discussion, the Court should deny the petition for writ of mandamus.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 9, 2009, as noted in the caption.

DATED this 16th day of September, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3